JUL 15 2010

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LEWIS L. HAMRICK and TONI M. DAVIS, <br><br> Plaintiff, <br><br> v. <br><br> REO PROPERTIES CORP. and FIDELITY NATIONAL TITLE INSURANCE CO., <br><br> Defendant. | 3:09-CV-00714-RCJ-(RAM) <br><br><br><br> **ORDER** |

This is a dispute involving foreclosure. Plaintiffs Lewis L. Hamrick and Toni M. Davis ("Plaintiffs") sued Defendants Fidelity National Title Insurance Corporation ("Fidelity") and REO Properties Corporation ("REO") (collectively "Defendants") in state court and asked the court to cancel the trustee's deed and award damages in excess of $20,000.[1] Subsequently, Defendant Fidelity removed the case to this Court. (#1). Presently before the Court is Plaintiff's Motion to Remand (#3). Both Defendants opposed the motion to remand (#11; #14) and Plaintiff replied. (#15). The Court heard oral argument on June 11, 2010. IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#3) is DENIED.

---

[1] Plaintiffs are residents of and domiciled in Nevada. Defendant Fidelity is a California corporation. Defendant REO is a Delaware corporation.

1

## I. BACKGROUND

Plaintiffs lived in their home for fifteen years. When Plaintiffs' income decreased, Plaintiffs attempted to modify their home loans but could not make mortgage payments on time. Plaintiffs allege Defendants made false and misleading statements with regard to their mortgage and Plaintiffs were told "everything would be worked out." Plaintiffs filed their complaint to quiet title on July 22, 2009, and a default judgment was entered against Fidelity in the Nevada state court for Storey County on August 28, 2009. Nonetheless, on September 15, 2009, Fidelity recorded a trustee's deed upon sale, naming REO as the grantee. Finally, on October 22, 2009, REO mailed a Notice to Vacate Property to Plaintiffs.

Plaintiffs allege that Defendants illegally recorded a trustee's deed upon sale and that Defendants improperly foreclosed their residence. Plaintiffs' complaint includes three claims, including slander of title, cancellation of a trustee's deed, and attorneys' fees. Additionally, Plaintiffs asked the state court to award general damages in excess of $20,000 as well as punitive damages.

After Plaintiffs filed their complaint, Defendant Fidelity filed a notice of removal on December 7, 2009. Fidelity claimed the U.S. District Court for the District of Nevada has original jurisdiction over the case because there is complete diversity of citizenship between the parties and the property is currently valued at $128,000, which satisfies the amount-in-controversy requirement for removal. In addition, Fidelity argues that Plaintiffs' demand for compensatory damages, punitive damages, and attorneys' fees exceeds $75,000. Plaintiffs filed a motion to remand arguing Fidelity did not meet its burden to prove that the amount in controversy exceeds $75,000. Defendants Fidelity and REO both opposed the motion to remand.

## II. LEGAL STANDARD

Removal is an independent basis for invoking federal jurisdiction. Generally, the defendant can invoke federal removal jurisdiction if the case could have been filed originally

2

in federal court. 28 U.S.C. § 1441(a).[2] The defendant can remove a case if: 1) the parties are of diverse citizenship; and 2) the amount in controversy, exclusive of interests and costs, exceeds $75,000. 28. U.S.C. § 1332(a).

The defendant seeking removal always bears the burden of establishing grounds for federal jurisdiction. *California ex rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). The removal defendant may establish that the amount in controversy exceeds $75,000 by either 1) demonstrating that it is "facially apparent" from the complaint that the claims likely exceed $75,000; or 2) setting forth facts in the notice of removal that support a finding of the requisite amount. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1145 (D. Nev. 2004). Most courts hold the removal defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement at the time of removal. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 n.2 (7th Cir. 1993) (holding that the removal standard is met if a defendant can show "a reasonable probability" that the amount in controversy exceeds the jurisdictional minimum).

### III. ANALYSIS

Here, parties do not contest the diversity of citizenship. Thus, the relevant jurisdictional question is whether the amount-in-controversy requirement has been met. Plaintiffs are seeking $20,000 in compensatory damages in addition to punitive damages and attorneys' fees. Since it is not "facially apparent" that the amount in controversy exceeds $75,000, Defendants bear the burden of showing that it is more likely than not the amount in controversy satisfies the jurisdictional minimum. *Sanchez*, 102 F.3d at 404.

Where the complaint seeks declaratory or injunctive relief, the value of the "matter in controversy" must exceed $75,000. 28 U.S.C. § 1332(a). If the plaintiff seeks declaratory or

---

[2] Section 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for any district . . . where such action is pending."

3

injunctive relief, the amount in controversy is measured by "the value of the object of the litigation." *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); see also *McNutt*, 298 U.S. at 181 (finding the value of the object was measured by the losses that would follow if the statute in question were enforced).

Here, the object of the litigation is the foreclosed property, and the property's value exceeds $75,000. Apparently, Plaintiffs themselves admitted the property is worth $128,000.[3] Because the value of Plaintiffs' home exceeded the jurisdictional requirement at the time of removal, the amount in controversy for diversity jurisdiction is met.

Additionally, the jurisdictional minimum in diversity cases is determined by the amount at stake to either party. *BEM I, LLC. v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002) (holding that "the jurisdictional minimum in diversity cases is not the amount sought by the plaintiff but the amount at stake to either party to the suit"). In other words, the amount in controversy is satisfied when either plaintiff's gain or defendant's loss exceeds the jurisdictional amount. *In re Ford Motor Co./Citibank*, 264 F.3d 952, 958 (9th Cir. 2001) (finding that "the amount in controversy requirement is satisfied if either party can gain or lose the jurisdictional amount").

Here, Plaintiffs are asking the court to cancel a deed of trust and grant them equitable relief against Defendants. If the trustee's deed were canceled, the potential gain for Plaintiffs would be the ownership and enjoyment of the property, which is worth $128,000 at minimum. Moreover, REO claimed it paid $130,000 to acquire interest in the foreclosed property. If REO were to forfeit its interest in the foreclosed property, REO would suffer a loss of at least $130,000, which is above the jurisdictional minimum.

Plaintiffs rely on *Guglielmino v. McKee Foods Corp.* and claim that Defendants have not met their heavy burden to oppose remand. Plaintiffs assert that to avoid remand, Defendants must prove to a legal certainty that opposing counsel is falsely assessing the case

---

[3] Even though Fidelity's opposition to Plaintiff's motion to remand states that Plaintiffs' complaint included an exhibit showing the value of property to be $128,000, the Court did not receive any exhibit showing Plaintiffs' appraisal of the property value. However, Plaintiffs do not dispute that the property value exceeds $75,000. Instead, Plaintiffs argue that Defendants have not met their burden to prove Plaintiffs are falsely assessing the amount in controversy.

or incompetently doing so. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). However, Plaintiffs' argument overlooks the *Guglielmino* court's holding that a legal certainty test applies only when a original complaint filed in a state court sufficiently states the jurisdictional minimum. *Id.* The *Guglielmino* court held that when the amount in controversy is ambiguous from the complaint, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds $75,000. *Id.*; *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (holding that the preponderance of the evidence standard applies when the amount in controversy is not facially apparent from the complaint); *see also McNutt*, 298 U.S. at 189.

Here, Defendants have shown that the value of property likely exceeds $75,000. Plaintiffs do not dispute this showing. Since Defendants have established the jurisdictional minimum by a preponderance of the evidence, Defendants have met their burden to oppose remand.

### IV. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's Motion to Remand (#3) is DENIED.

IT IS SO ORDERED.

Dated: this 15th day of July, 2010.

_____
ROBERT C. JONES
United States District Judge